UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNSTECH INTERNATIONAL CORP.,<br><br>Plaintiff,<br><br>v.<br><br>JF TECHNOLOGY BERHAD, et al.,<br><br>Defendants. | Case No. 14-cv-02864-JD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 30, 57 |

# INTRODUCTION

In this patent infringement case, Defendants JF Technology Berhad ("JF Technology"), JF Microtechnology SDN BHD ("JF Microtechnology"), and JFoong Technologies SDN BHD ("JFoong") have filed two motions to dismiss. The first asks the Court to dismiss the claims for inducement of patent infringement and willful patent infringement, which the Court grants in part and denies in part. The second motion asks the Court to dismiss JF Technology for lack of personal jurisdiction, and is granted.

# DISCUSSION

Defendants filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) for failure to state a claim.

## I. PERSONAL JURISDICTION

Defendants do not dispute that the Court has personal jurisdiction over JF Microtechnology but contend it lacks personal jurisdiction over JFoong and JF Technology. The Court previously granted defendants' motion to dismiss JFoong for lack of personal jurisdiction. Dkt. No. 45. The Court also granted Johnstech's request to conduct jurisdictional discovery. *Id.* Johnstech did so, and has filed a renewed motion asking the Court to find that JF Technology is

1    the alter ego of JF Microtechnology.  Dkt. No. 57.  Under *Doe v. Unocal Corp.*, 248 F.3d 915, 926
2    (9th Cir. 2011), Johnstech has not met its burden of making out a prima facie case that "there is
3    such unity of interest and ownership that the separate personalities [of the two entities] no longer
4    exist and…that failure to disregard [their separate identities] would result in fraud or injustice."
5    The jurisdictional facts Johnstech proffers are weak on their own and a far cry from the much
6    more fulsome record in *Unocal* that the Ninth Circuit found insufficient.  The motion to dismiss JF
7    Technology for lack of personal jurisdiction is granted.

## II. FAILURE TO STATE A CLAIM

### A. Legal Standard

A complaint may be dismissed under Rule 12(b)(6) when it fails to meet Rule 8(a)'s requirement to make "a short and plain statement of the claim showing that the pleader is entitled to relief."  To avoid dismissal under Rules 8(a) and 12(b)(6), the complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly* at 556).  "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 677).

If the Court dismisses a complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000) (internal quotation marks and citation omitted).

### B. Inducement of Infringement

Defendants ask the Court to dismiss plaintiff's allegations of indirect infringement. Whoever "actively induces infringement of a patent shall be liable as an infringer."  35 U.S.C. § 271(b).  "[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement."  *DSU Med. Corp. v. JMS Co.*, 471

F.3d 1293, 1306 (Fed. Cir. 2006). To survive defendants' motion to dismiss, plaintiff's amended complaint "must contain facts plausibly showing that [defendants] specifically intended their customers to infringe the ['866] patent and knew that the customer's acts constitute infringement." *In re Bill of Lading Transmission*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). Defendants argue that Johnstech has not pled facts showing the necessary specific intent for infringement by inducement.

Plaintiff's First Amended Complaint ("FAC") states that defendants, with actual knowledge of the '866 patents, are:

> indirectly infringing, either literally or under the doctrine of equivalence, one or more claims of the '866 Patent by actively inducing one another and third parties to import, make, use, sell and/or offer for sale test connects that directly infringe the '866 Patent, including the product offered for sale under the name 'Zigma.'

FAC ¶¶ 13, 16. Plaintiff argues that Claim 1, which claims an apparatus, is directly infringed when the defendants make, sell, offer for sale or import the claimed apparatus or when JF customers use the claimed apparatus. Dkt. No. 39 at 23. According to plaintiff, "[b]ased on the nature of the invention, common sense compels the inescapable inference that the JF Defendants intended for their customers who purchased the Zigma test contactors to use the apparatus" to test integrated circuits, thereby inducing infringement. *Id*. at 23-24. Its reliance on *In re Bill of Lading* is unpersuasive. In that case, the Federal Circuit held that common sense does give rise to a reasonable inference that the defendants intended to induce infringement where the defendant advertises or promotes its product for use in an infringing manner. *In re Bill of Lading Transmission*, 681 F.3d at 1341-42. The FAC in this case contains no such allegations.

The Court finds that the complaint fails to allege any facts regarding the specific intent required for inducement. While Johnstech need not prove its claim at the pleading stage, bare pleadings of the elements of the claim do not suffice to allow the Court to make a reasonable inference of defendants' intent to induce infringement. Accordingly, plaintiff's induced infringement claim is dismissed with leave to amend.

### C. Willful Infringement

To "willfully infringe a patent, the patent must exist, and one must have knowledge of it." *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir.1985) (emphasis omitted). Within the Northern District, to sufficiently plead a claim for willful infringement, a patentee "must make out the barest factual assertion of knowledge of an issued patent." *IpVenture, Inc. v. Cellco P'ship*, No. C 10–04755 JSW, 2011 WL 207978, at *2 (N.D. Cal. Jan.21, 2011).

In the complaint, plaintiff alleges that:

> at an April 2012 meeting between representatives of Johnstech and JF Technology, representatives of Johnstech gave JF Technology actual notice of the Zigma product's infringement of Johnstech patents covering Johnstech's ROL connector products, including the '866 Patent. The meeting was attended on behalf of JF Technology by Foong Wei Kuong, CEO/Managing Director cum Chairman; Goh Kok Sing, CTO/Executive Director; and Andy Goh Joo Hwa, Sales Director. The specific agenda of the meeting was to discuss Zigma's infringement of patents covering Johnstech's ROL technology.

FAC ¶ 16. Defendants argue these allegations are "substantively no different from the allegations found insufficient and dismissed in *Robert Bosch Healthcare*." *Robert Bosch Healthcare Sys., Inc. v. Express MD Solutions, LLC*, No. C 12-00068 JW, 2012 WL 2803617, at *3 (N.D. Cal. July 10, 2012). Not so. In that case, plaintiff merely alleged that "[p]rior to the filing of this suit, [Plaintiff] had informed [Defendant] of the Patents-in-Suit and [Defendant's] infringement of those patents…[Defendant's] infringement of the Patents-in-Suit is willful and deliberate." Here, Johnstech has provided significantly more detail about the date, attendees and even the agenda of the meeting during which defendants learned of the issued patent. The complaint sufficiently pleads that the defendants had knowledge of the '866 patent by April 2012.

Defendants argue that under the Federal Circuit's decision in *Seagate*, plaintiffs have failed to plead facts to support a plausible claim that the infringer acted despite an "objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). Defendants also ask the Court to hold that because the patent is invalid for indefiniteness, the objective prong of this analysis cannot be met. Dkt. No. 39 at 14. But the Northern District has specifically noted that *Seagate* addressed the requirements for proving, not pleading, willful infringement. *See Oracle Corp. v. DurgLogic, Inc.*, 807 F. Supp. 2d

4

885, 903 (N.D. Cal. 2011). Defendants' arguments come too early in these proceedings. The motion to dismiss this claim is denied.

### D. Indefiniteness

Defendants argue that Claim 1 of the '866 patent is facially invalid for indefiniteness because it is a hybrid of a machine and process claim, and should therefore be dismissed under 12(b)(6). Dkt. No. 30 at 8-11. A patent's claims must "particularly point [] out and distinctly claim[] the subject matter regarded as the invention." 35 U.S.C. § 112 ¶ 2. A patent's claim is invalid for indefiniteness if it fails to inform, with reasonable certainty, those skilled in the art about the scope of the invention. *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2124 (2014). "[A] determination of indefiniteness is intertwined with claim construction…The question of whether claims meet the statutory requirements of § 112 ¶ 2 is a matter of construction of the claims." *ASM America, Inc. v. Genus, Inc.*, No. C-01-2190-EDL, 2002 WL 1892200, at *15 (N.D. Cal. Aug. 15, 2002) (quoting *S3 Inc. v. Nvidia Corp.*, 259 F.3d 1364, 1367 (Fed. Cir. 2001)); *see also Atmel Corp. v. Info. Storage Devices, Inc.*, 198 F.3d 1374 (Fed. Cir. 1999) ("[A]n analysis under § 112, ¶ 2 is inextricably intertwined with claim construction[.]"). Defendants have cited no case law finding a claim invalid for indefiniteness under § 112 ¶ 2 at the motion to dismiss stage. Because an analysis under § 112 ¶ 2 is inextricably intertwined with claim construction, which has not yet occurred, this motion is premature.

## CONCLUSION

JF Technology and JFoong are dismissed without prejudice, and the case will proceed against JF Microtechnology.

**IT IS SO ORDERED**.

Dated: May 1, 2015

_____
JAMES DONATO
United States District Judge

5