UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNSTECH INTERNATIONAL CORP.,<br>    Plaintiff,<br>v.<br>JF MICROTECHNOLOGY SDN BHD,<br>    Defendant. | Case No. 14-cv-02864-JD<br><br>**ORDER RE MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**<br>Re: Dkt. No. 96 |

Plaintiff Johnstech International Corporation ("Johnstech") asserts against defendant JF Microtechnology SDN BHD ("JFM") all four claims of U.S. Patent No. 7,059,866 (the "'866 patent") for a device to test integrated circuits,. The case was filed June 20, 2014, JFM served invalidity contentions pursuant to Patent Local Rule 3-3 on February 5, 2015, Dkt. No. 97-1, and fact discovery closed November 13, 2015. Since the completion of briefing on the motion, the Court has issued a claim construction order for the case and expert discovery has closed. Dkt. Nos. 93, 110.

JFM deposed a number of Johnstech's witnesses shortly before the fact discovery deadline, including patent-in-suit co-inventor Matthew Gilk on October 21, 2015, and Michael Andres, Johnstech's corporate witness on invalidity and infringement topics, on November 11, 2015. Dkt. No. 96 at 2. In this motion, JFM says that new information disclosed in these depositions provides "good cause" for leave to amend its invalidity contentions. Dkt. No. 96. In opposition, Johnstech says that JFM did not show due diligence in discovering the supposedly new facts and that Johnstech would be prejudiced by amendment. Dkt. No. 102. The Court took the motion for decision without oral argument pursuant to Civil Local Rule 7-1(b), and denies it with one unopposed exception to fix a clerical error.

**DISCUSSION**

**I.   STANDARDS**

The Northern District of California's Patent Local Rules require parties to provide early identification of their infringement and invalidity theories. *See* Patent L.R. 3-1, 3-3. Once served, the rules allow amendment of invalidity contentions "only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. "A precondition to demonstrating good cause is 'a showing that the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence is revealed in discovery.'" *Altera Corp. v. PACT XPP Techs., AG*, No. 14-CV-02868-JD, 2015 WL 3832389, at *1 (N.D. Cal. Jun. 19, 2015) (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1363,1366 (Fed. Cir. 2006)). "The critical issue is not *when* [the party] discovered [the] information, but rather, whether [it] *could have* discovered it earlier had it acted with the requisite diligence." *Google, Inc. v. Netlist, Inc.*, No. C 08-4144 SBA, 2010 WL 1838693, at *2 (N.D. Cal. May 5, 2010). If diligence is shown, then the moving party must also demonstrate that the other party will not be prejudiced by the amendment. *Altera*, 2015 WL 3832389, at *1 (citing *Takeda Pharm. Co., Ltd. v. TWi Pharm., Inc.*, No. 13–cv–02420–LHK, 2015 WL 1227817, at *6–7 (N.D. Cal. Mar. 17, 2015)).

**II.   LEAVE TO AMEND**

The Court grants defendant JFM's request to include U.S. Patent No. 6,472,396 in its list of patents under Patent L.R. 3.3(A). Dkt. No. 96 at 6-7. This appears to be a clerical error and Johnstech does not oppose it.

The remainder of JFM's requests are denied for failure to establish diligence in seeking leave to amend. JFM has not demonstrated diligence in seeking to add claim charts and other statements alleging invalidity based on U.S. Patent No. 6,954,091 (the "Nelson reference") and a "1mm Evaluation Product" that "incorporated the Nelson reference technology." *Id*. at 5. JFM concedes that it could have asserted Nelson earlier -- this reference was identified as relevant in Gilk's invention disclosure and could have been discovered "in an earlier search for prior art." *Id*. at 5, 7. And it provides no excuse or explanation for its failure to identify the 1mm Evaluation Product as prior art earlier. JFM's claim that it was diligent in moving to amend when the

2

importance of the references became clear at the parties' tutorial and depositions is unavailing. That contention fails to explain why JFM waited almost two months after the September 29, 2015 tutorial to file its motion, or why it waited until the eve of fact discovery close to depose key witnesses.

In addition, Johnstech's allegedly "newly presented theory" in the tutorial and depositions -- that any amount of sliding "less than the prior S-shaped contacts" reads on the patent claims -- was not really new to JFM at that point. *See id*. at 7. JFM argued in claim construction briefing in June 2015 that the amount of sliding allowed was not described adequately in the patent, indefinite, and ambiguous under Johnstech's construction. *See, e.g*., Dkt. No. 78 at 18-21. In any case, a theory along these lines has been foreclosed by the Court's claim construction, which requires that sliding motion in the device be "approximately eliminated" to read on the patent claims. Dkt. No. 110 at 13-15.

JFM also requests permission to "add an update" to the written description and enablement section of its contentions based on testimony by Gilk and Andres about the "quantification of the amount of sliding" in the patented device described in the patent. Dkt. No. 96 at 6. Presumably this refers to the newly added last paragraph of Section IV of the contentions. Dkt. No. 97-2 at 11. But a comparison with the original, Dkt. No. 97-1 at 10-11, shows that the proposed amendment introduces a new substantive contention rather than merely supplementing a previously-disclosed one. JFM does not explain how it was diligent to wait until the close of fact discovery to contend that the "patent fails the written description and enablement requirement because it fails to disclose . . . how much sliding is permitted and . . . eliminated." Dkt. No. 97-2 at 11. JFM does not explain why a statement like that, based on the patent alone, could not have been made its initial contentions. In addition, JFM argued in its claim construction briefing that the patent failed to quantify the amount of sliding permitted in the patented device. Dkt. No. 78 at 18-21. Waiting until after fact discovery closed to add these arguments to the invalidity contentions was not diligent in the least.

The Court also denies JFM's requests to add "a Section 101 and/or 102(f) invalidity argument based on the failure to identify John Nelson as an inventor" and to modify "the listing of

3

prior art product section to incorporate admissions that the products were sold prior to filing date of the patent-in-suit." Dkt. No. 96 at 3. For the former, JFM has not provided any detailed supporting argument or showing of diligence. For the latter, JFM argues that Johnstech's "admissions" provide cause for the proposed amendment, but it does not identify the specific admissions or when they were made, preventing any meaningful evaluation of its diligence. Dkt. No. 96 at 7.

Because JFM has failed to manifest the required degree of diligence, the Court need not consider whether the proposed amendments would be prejudicial to Johnstech. *See Takeda*, 2015 WL 1227817, at *6–7; *Radware, Ltd. v. F5 Networks, Inc.*, No. 5:13-CV-02024-RMW, 2015 WL 7960004, at *4 (N.D. Cal. Dec. 4, 2015). The requests are denied.

## CONCLUSION

The Court denies defendant JFM's requests for leave to amend its invalidity contentions, with the one exception that it may include U.S. Patent No. 6,472,396 in its listing of patents under Patent L.R. 3.3(A).

**IT IS SO ORDERED.**

Dated: March 10, 2016

JAMES DONATO
United States District Judge