# EXHIBIT L

1   Shawn G. Hansen (SBN 197033)
    shansen@nixonpeabody.com
2   Jennifer Hayes (SBN 241533)
    jenhayes@nixonpeabody.com
3   NIXON PEABODY LLP
    2 Palo Alto Square
4   3000 El Camino Real, Suite 500
    Palo Alto, CA  94306-2106
5   Telephone: 650-320-7700

6   *Attorneys for Defendant*
    JF MICROTECHNOLOGY SDN BHD
7

8                    **UNITED STATES DISTRICT COURT**

9       **NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

10

11  JOHNSTECH INTERNATIONAL CORP.,          Case No. 3:14-cv-02864-JD

12                  Plaintiff,              **JF MICROTECHNOLOGY'S FOURTH
                                            SET OF REQUESTS FOR**
13          vs.                             **PRODUCTION OF DOCUMENTS TO
                                            PLAINTIFF (EXPERT)**
14  JF TECHNOLOGY BERHAD,
    JF MICROTECHNOLOGY SDN BHD,
15  J FOONG TECHNOLOGIES SDN BHD

16                  Defendants.

17

18  PROPOUNDING PARTY:      Defendant JF MICROTECHNOLOGY SDN BHD

19  RESPONDING PARTY:       Plaintiff, JOHNSTECH INTERNATIONAL CORP.

20  SET NO:                 FOUR

21          Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant JF

22  Microtechnology SDN BHD ("JFM"), hereby requests Plaintiff Johnstech International Corp.

23  ("Johnstech"), to produce the following documents for inspection and copying at the offices of

24  Nixon Peabody, 2 Palo Alto Square, Suite 500, 3000 El Camino Real, Palo Alto, CA 94306

25  within thirty (30) days.

26  / / /

27  / / /

28

1

**<u>DEFINITIONS AND INSTRUCTIONS</u>**

2        1.      "Person" shall include any natural person or business, legal or governmental entity

3    or association.

4        2.      "You," "your" or "Johnstech" shall mean Johnstech International Corp., and/or,

5    where applicable, any predecessor or successor in interest, any of their officers, directors,

6    representatives, affiliates, subsidiaries, agents, employees, attorneys and/or any other person(s)

7    acting or purporting to act on their behalf.

8        3.      "JFM" shall mean JF Microtechnology SDN BHD.

9        4.      The "'866 Patent" shall mean United States Patent No. 7,059,866, entitled

10   "Integrated Circuit Test Contact to Test Apparatus," which issued on June 13, 2006.

11       5.      "The Patent-in-Suit" shall mean the '866 Patent.

12       6.      "Zigma" or "Accused Products" means the products described Plaintiff's First

13   Amended Complaint.

14       7.      The term "communication" means the transmittal of information (in the form of

15   facts, ideas, inquiries or otherwise).

16       8.      The term "document" means any written, printed, typed, or other graphic or

17   photographic matter of any nature, any audio or video recordings, computer data, as well as disks

18   or other devices storing such data, and other data compilations from which information can be

19   obtained, and translated if necessary by you through detection devices into reasonably usable

20   form. A draft or non-identical copy is a separate document within the meaning of this term.

21       9.      When referring to a person, to "identify" means to give, to the extent known, the

22   person's full name, present or last known address, and when referring to a natural person,

23   additionally, the present or last known place of employment. Once a person has been identified in

24   accordance with this subparagraph, only the name of that person need be listed in response to

25   subsequent discovery requesting the identification of that person.

26       10.     When referring to documents, to "identify" means to give, to the extent known, the

27   (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s),

28   addressee(s) and recipient(s); and (v) Bates number.

1    11.    When referring to communications, to "identify" means to give, to the extent

2    known, the (i) names, addresses and last known places of employment of the participants to the

3    communication; (ii) the subject matter of the communication; (iii) the location(s) of the

4    communication; (iv) the mode of communication (e.g., written, by telephone, meeting, etc.); and

5    (v) the date of the communication.

6    12.    The terms "plaintiff" and "defendant," as well as a party's full or abbreviated

7    name or a pronoun referring to a party, means the party and/or, where applicable, any predecessor

8    or successor in interest, any of its or their officers, directors, representatives, affiliates,

9    subsidiaries, agents, employees, attorneys and/or any other person(s) acting or purporting to act

10    on their behalf.  This definition is not intended to impose a discovery obligation on any person

11    who is not a party to the litigation.

12    13.    The term "concerning" means relating to, referring to, describing, evidencing or

13    constituting.

14    14.    The term "related to" means, without limitation, related to, referencing, reflecting,

15    evidencing, concerning, constituting, contradicting, disclosing, detailing, and/or describing.

16    15.    The terms "all" and "each" shall be construed as all and each.

17    16.    The connectives "and" and "or" shall be construed either disjunctively or

18    conjunctively as necessary to bring within the scope of the discovery request all response that

19    might otherwise be construed to be outside of its scope.

20    17.    The use of the singular form of any word includes the plural and vice versa.

21    18.    When information otherwise discoverable is withheld by claiming that it is

22    privileged or subject to protection as trial-preparation material, you shall make the claim

23    expressly and shall describe the nature of the documents, communications, or things not produced

24    or disclosed in a manner that, without revealing information itself privileged or protected, will

25    enable other parties to assess the applicability of the privilege or protection as required by Rule

26    26(b)(5)(A) of the Federal Rules of Civil Procedure.

27    19.    These Requests are continuing and must be supplemented as required by Rule

28    26(e) of the Federal Rules of Civil Procedure.

1

**REQUESTS FOR PRODUCTION**

2   **REQUEST FOR PRODUCTION NO. 94:**

3          Any and all source data used to create the document produced as native Excel file

4   JOHNSTECH007981.

5   **REQUEST FOR PRODUCTION NO. 95:**

6          A complete copy of the data in Johnstech's AX System from which the document

7   produced as native Excel file JOHNSTECH007981 was created.

8   **REQUEST FOR PRODUCTION NO. 96:**

9          Any and all logs and/or other documents reflecting access to Johnstech's AX System in

10  connection with the preparation of the document produced as native Excel file

11  JOHNSTECH007981 was created.

12  **REQUEST FOR PRODUCTION NO. 97:**

13         Any and all communications and documents that reflect how source data was identified

14  for inclusion in the document produced as native Excel file JOHNSTECH007981.

15  **REQUEST FOR PRODUCTION NO. 98:**

16         Any and all communications and documents that reflect how source data was processed

17  for inclusion in the document produced as native Excel file JOHNSTECH007981.

18  **REQUEST FOR PRODUCTION NO. 99:**

19         Any and all communications and documents that reflect the filters used on the columns "Is

20  Sales", "PRODUCTCLASS", "ITEMGROUPID", and "Cust Country" in the document produced

21  as native Excel file JOHNSTECH007981.

22  **REQUEST FOR PRODUCTION NO. 100:**

23         Any communications and documents that reflect the testing conducted by Micro CT.

24

25  Dated:  December 16, 2015                         NIXON PEABODY LLP

26                                                    By: _____

27                                                         Shawn Hansen

                                                         *Attorneys for Defendant*

28

---

JF MICROTECHNOLOGY'S FOURTH
REQUEST FOR PRODUCTION                    4                    CASE NO. 3:14-CV-02864-JD

1

**PROOF OF SERVICE**

2      I am a citizen of the United States and employed in Santa Clara County, California.  I am
over the age of eighteen years and not a party to the within-entitled action.  My business address
3   is 2 Palo Alto Square, 3000 El Camino Real, Suite 500, Palo Alto, CA  94306-2106.  On
December 16, 2015, I served a copy of the within document(s):

4

**JF MICROTECHNOLOGY'S FOURTH SET OF REQUESTS FOR**
5   **PRODUCTION OF DOCUMENTS TO PLAINTIFF (EXPERT)**

6

☐      **(BY MAIL)** by placing the document(s) listed above in a sealed envelope with
7        postage thereon fully prepaid, the United States mail at Palo Alto, California
         addressed as set forth below.
8

☒      **(BY E-MAIL)** by transmitting via e-mail or electronic transmission the
9        document(s) listed above to the person(s) at the e-mail address(es) set forth below.

10

11   Robert P. Andris                          Courtland C. Merrill
     Michael D. Kanach                         Dan Hall
12   GORDON & REES LLP                         Anthony Ostlund
     275 Battery, Ste. 2000                    BAER & LOUWAGIE P.A.
13   San Francisco,  CA  94111                  90 South Seventh Street, Ste. 3600
     Tel:    (415) 986-5900                    Minneapolis,  MN  55402
14   Fax:    (415) 986-8054                    Tel:    (612) 349-6969
     E-Mail:  randris@gordonrees.com           Fax:    (612) 349-6996
15            mkanach@gordonrees.com           E-Mail:  cmerrill@anthonyostlund.com
16                                                      dhall@anthonyostlund.com

17      I am readily familiar with the firm's practice of collection and processing correspondence
for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same
18   day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
19   meter date is more than one day after date of deposit for mailing in affidavit.

20      I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.  Executed on December 16, 2015, at Palo Alto, California.

21

22

23                                          _____
                                                  Gina Henley
24

25   4827-3609-2204.1

26

27

28

---

JF MICROTECHNOLOGY'S FOURTH
REQUEST FOR PRODUCTION                    5              CASE NO. 3:14-CV-02864-JD