# EXHIBIT 3

Robert P. Andris (SBN 130290)
randris@gordonrees.com
Michael D. Kanach (SBN 271215)
mkanach@gordonrees.com
GORDON & REES LLP
275 Battery, Suite 2000
San Francisco, CA 94111
Telephone: 415-986-5900

Courtland C. Merrill (pro hac vice)
cmerrill@anthonyostlund.com
Dan Hall (pro hac vice)
ANTHONY OSTLUND
BAER & LOUWAGIE P.A.
90 South Seventh Street, Suite 3600
Minneapolis, MN 55402
Telephone: 612-349-6969

Attorneys for Plaintiff
JOHNSTECH INTERNATIONAL CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHNSTECH INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> vs. <br><br> JF MICROTECHNOLOGY SDN BHD, <br><br> Defendant. | Case No. 3:14-cv-02864-JD <br><br> **DECLARATION OF MICHAEL ANDRES** |

I, Michael Andres, declare as follows:

1. I am providing this declaration in order to disclose the testimony I may provide if called as a witness in the trial of this case.

2. I am employed by Johnstech International Corp. ("Johnstech") as an engineering manager. I have worked for Johnstech for over 21 years in various roles associated with designing, troubleshooting and manufacturing of contactors for testing integrated circuits, as well as supervising other employees performing those activities. Prior to my employment at

DECLARATION OF MICHAEL ANDRES                     1                     CASE NO. 3:14-CV-02864-JD

**EXHIBIT 3**

1  Johnstech, I worked at Micro Component Technology for two years as an associate mechanical
2  engineer responsible for designing contactors and handler components.  I have a Bachelor of
3  Science degree in mechanical engineering from the University of Minnesota.

4      3.    I have reviewed and analyzed U.S. Patent number 7,059,866 (referred to as "the
5  '866 patent").  I reviewed and analyzed JF Microtechnology's patent (U.S. Patent No. 8,952,714).
6  I have also reviewed various marketing materials (Dkt. # 40-1, Exs. 1-4) and data sheets
7  (JOHNSTECH07883-7884) describing JF Microtechnology's Zigma product.  I have also
8  reviewed a sample contactor from JF Microtechnology, and compared that product with
9  Johnstech ROL™ and 2MM contactors.  I have also analyzed Dr. Stuart Brown's independent
10  testing results.

11      4.    I understand that Johnstech alleges that JF Microtechnology's Zigma product
12  infringes the '866 patent.  I am not an attorney, nor am I an expert regarding United States patent
13  law.  However, I have been informed of some of the legal principles that I understand guide
14  analysis of the patent infringement allegations in this case.  I also have some understanding of
15  United States patent law from my work at Johnstech and from my professional experience as a
16  mechanical engineer.  I understand that the '866 patent has claims (claims 1-4) that define the
17  scope of the invention, and I understand that each claim includes a number of elements or
18  limitations.  I also understand that to be infringed, all limitations of a patent claim must be present
19  in an accused product.  I understand that to determine whether a claim is infringed, a person must
20  compare each limitation of a properly construed claim with the corresponding elements in the
21  allegedly infringing product.  If each and every limitation of a claim is found in an allegedly
22  infringing product, I understand that the patent claim is infringed.

23      5.    Independent claim 1 of the '866 patent describes an "apparatus for electrically
24  connecting a lead of the integrated circuit to be tested to a corresponding terminal of a load board
25  at a test site, comprising: …"  JF Microtechnology advertisements and literature available in
26  magazine and online form state that the Zigma product is used for the sole purpose of electrically
27  connecting a lead of an integrated circuit (referred to as DUT for Device Under Test) to a
28  terminal of a load board in order to test the integrated circuit.  See Johnstech's Disclosure of

DECLARATION OF MICHAEL ANDRES
2
CASE NO. 3:14-CV-02864-JD

Asserted Claims and Infringement Contentions, Attachment A (referred to as "Attachment A"). For convenience, I will refer to the page numbers of the complete Disclosure of Asserted Claims and Infringement Contentions document rather than numbering starting from the beginning of the Attachment. According to my review of the Zigma materials from JF Microtechnology, and from my own industry knowledge, the above-quoted claim limitation from patent '866 is present in the Zigma product because Zigma is an "apparatus for electrically connecting a lead of the integrated circuit to be tested to a corresponding terminal of a load board at a test site." See page 8 of Attachment A.

6. The '866 patent also claims "a housing having oppositely facing surfaces, a first approachable by an integrated circuit to be tested and a second proximate the load board, a slot extend through said housing from a first of said oppositely facing surfaces to a second of said oppositely facing surfaces; …" See '866 patent, claim 1. The CAD image contained within the JF Microtechnology marketing materials shows that all of the elements of this claim limitation are present in the Zigma product. See Attachment A. The Zigma data sheets and sample clearly show that the Zigma contactor has a housing with opposite facing surfaces, with one surface of receiving an integrated circuit to be tested and a second surface to be connected to the load board of a test terminal.

7. The '866 patent claims "a contact receivable in said slot having a first end engagable by the lead and a second end in engagement with the terminal, said contact being rollable across the terminal between a first orientation unengaged by the lead of the integrated circuit and a second orientation in which said first end of said contact is engaged by the lead of the integrated circuit and urged into said slot; …" See '866 patent, claim 1. The JF Microtechnology CAD images show that the Zigma product exhibits all the characteristics listed in the claim quoted above from the '866 patent. See Attachment A page 9 (bottom row) and page 10 (top row). The Zigma product sample and data sheets show that the Zigma contactor contains multiple "contacts" extending from slots within the housing. One end of each contact is engagable by the lead of an integrated circuit to be tested. A second end of each contact is engaged by the terminal of the load board. From my examination of the Zigma sample and

1  review of the related materials, when an integrated circuit is inserted into the Zigma contactor and
2  engages the first end of the contacts, the contacts roll across the surface of the load board moving
3  a from an unengaged-first position to an engaged-second position.

4      8.    The '866 patent also requires "means for biasing said contact to said first
5  orientation, wherein, as said contact is rolled between said first and said second orientations
6  thereof, sliding motion of said second end of said contact across the terminal is substantially
7  eliminated." See '866 patent, claim 1. The "means for biasing" the contact to a first (unengaged)
8  orientation described in the '866 patent are one or more cylindrical elastomers. See '866 patent,
9  2:65-67, 4:17-20. The contacts within the Zigma product are similarly held in place by two
10 cylindrical elastomers. The elastomers bias the contacts to an unengaged-first orientation. See
11 Attachment A pages 10, 11, 12 and top of page 13. I have reviewed the analysis of the motion
12 characteristics of JF Microtechnology's Zigma contactor, Johnstech ROL™200, and the prior art
13 (Johnstech 2MM) performed by Dr. Stuart Brown. Dr. Brown measured and calculated using
14 MicroCT Scans the actual sliding motion of sample assemblies representing the three above-
15 mentioned technologies. The sliding can be separated into two components for analysis: (1) the
16 movement of the contact either forward (toward the center of the DUT) or backward away from
17 the DUT; and (2) the rotational movement of the contact radius that is actually in contact with the
18 load board. If the contact is suspended symmetrically by the elastomers, the natural motion of the
19 load board tip of the contact will be away from the DUT. This movement away from the DUT
20 plus the movement caused by rotation of the contact are in the same direction and so they add
21 together in examples of prior art. This is true of the Johnstech original 2MM "S" contact, which
22 was found in Dr. Brown's analysis to slide on the load board pad 0.270 mm. The original
23 ROL™200 contactor invented and constructed by Johnstech slides 0.055 mm, because the
24 interactions of the elastomers, contact and housing cause the contact to roll forward during
25 actuation. The JF Zigma contact slides 0.095 mm, an amount that is significantly reduced
26 because the geometry of the contact, elastomers and housing combine to force the contact to roll
27 forward while being actuated. The arc length of the radial surface of the Zigma contact that must
28 touch the load board during actuation is 0.184 mm (this information is calculated in the following

1  manner – Length = (rotation degrees)/360 degrees x 2 x π x Contact Radius).  The contact radius
2  was determined through inspection of sample Zigma contacts from JF Microtechnology.  The
3  rotation degrees were determined through CAD analysis and materials from JF Microtechnology
4  stating that the uncompressed and compressed heights of the Zigma contact are 1.40mm and
5  1.20mm, respectively.  The rotation measured by Dr. Brown through MicroCT scans was 7
6  degrees, which corresponds to a 0.150mm arc length.  The natural movement of the Zigma
7  contact if it were designed only to touch both the load board terminal and the DUT and to actuate
8  rather than to also substantially eliminate sliding would be greater than 0.184 mm (CAD) or
9  0.150mm (measured).  Therefore, the Zigma contact and housing design substantially eliminates
10 sliding.

11      9.      Dependent claim 2 of the '866 patent requires an "Apparatus in accordance with
12 claim 1 wherein said contact is generally S-shaped."  See '866 patent, claim 2.  The JF Zigma
13 contact is generally S-shaped just as the Johnstech ROL™ is.  A CAD image of the Zigma
14 contact in its compressed position is shown below for illustration.  Therefore, the Zigma contact
15 satisfies the "generally S-shaped" requirement of claim 2.  See Attachment A page 13 bottom row
16 and page 14.

[CAD image of Zigma contact in compressed position]

25      10.     Dependent claim 3 of the '866 patent requires an "Apparatus in accordance with
26 claim 2 wherein said means for biasing comprises a first elastomer interfacing with said first end
27 of said contact and a second elastomer interfacing with said second end of said contact."  See
28 '866 patent, claim 3.  The CAD images, sample, data sheets, and other related materials show that

1  the Zigma product uses front and rear elastomers to bias the contacts within to a first orientation,
2  unengaged by an integrated circuit to be tested. See Attachment A page 15 and top row of page
3  16 and the image above in this document.

4  11.  Dependent claim 4 of the '866 patent requires an "Apparatus in accordance with
5  claim 3 wherein said second end of said contact includes a protrusion, and wherein said housing
6  defines a wall engaged by said protrusion to substantially eliminate sliding motion of said second
7  end of said contact across the terminal." The JF Zigma contact design includes a protrusion, and
8  that protrusion engages the housing wall through the elastomer. See Attachment A page 16
9  bottom row as well as pages 17, 18, 19 and 20. The JF Zigma design includes an elastomer that is
10 relatively large and high durometer (stiffness), which minimizes the elastomer deflection and
11 maximizes the engagement of the contact protrusion with the housing wall.

12  12.  There are significant changes to the contact and housing design when compared to
13 the prior art that result in the substantial elimination of sliding. In my opinion, there had to be
14 deliberate design efforts to product this effect in the JF Zigma contact motion. These efforts
15 result in a product that infringes claims 1-4 of the '866 patent.

16  13.  I reserve the right to amend the opinions provided in this declaration or provide
17 additional opinions on any claim of the '866 patent based on further analysis or additional
18 information that becomes available to me.

19  14.  If called to testify, I may use as exhibits the Attachment A and the documents
20 referred to within, documents related to Zigma produced in discovery by JF Microtechnology,
21 samples of the Zigma product and Johnstech's ROL™200 and prior art 2MM products, Johnstech
22 documents produced in discovery in this case, and any of the exhibits admitted at trial or used as
23 exhibits during depositions taken in this case.

24  15.  The facts set forth in this declaration are true and correct to the best of my
25 knowledge. My conclusions concerning infringement of the '866 patent are held to a reasonable
26 degree of certainty.

27  16.  I am not being compensated for study and testimony, other than the ordinary
28 compensation that I receive from my employment at Johnstech.

17. I have not authored any publications in the last ten years. I have not testified as an expert in any other cases, either at trial or in a deposition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 2, 2015 at Minneapolis, Minnesota.

                                       */s/ Michael Andres*

                                       Michael Andres