1

2

3

4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7   JOHNSTECH INTERNATIONAL CORP.,          Case No. 14-cv-02864-JD

8                Plaintiff,

                                            **ORDER ON MOTIONS TO SEAL RE**
9        v.                                 **SUMMARY JUDGMENT AND**
                                            **SANCTIONS**
10  JF MICROTECHNOLOGY SDN BHD,
                                            Re: Dkt. Nos. 113, 116, 117, 131, 144
11               Defendant.

12

13        In this patent action, plaintiff Johnstech International Corp. ("Johnstech") and defendant JF

14  Microtechnology SDN BHD ("JFM") have filed several administrative motions to seal portions of

15  their summary judgment and sanctions briefing under Civil Local Rule 79-5.  The Court grants

16  and denies the requests as detailed in this order.

17  **I.      STANDARDS**

18        In our circuit, a party seeking to seal documents filed in connection with a dispositive

19  motion must establish "compelling reasons" to overcome a historically "strong presumption of

20  access to judicial records."  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178–79

21  (9th Cir. 2006) (internal quotes omitted).  This standard presents a "high threshold," and "a 'good

22  cause' showing will not, without more, satisfy" it.  *Id.* at 1180 (citations omitted).  To meet the

23  "compelling reasons" standard, a party seeking to seal material must show specific, individualized

24  reasons for the sealing, "'without relying on hypothesis or conjecture,'" such as "'whether

25  disclosure of the material could result in improper use of the material for scandalous or libelous

26  purposes or infringement upon trade secrets.'"  *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d

27  665, 679, 679 n.6 (9th Cir. 2009) (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th

28  Cir.1995)).  The Ninth Circuit has found the compelling reasons standard met by "pricing terms,

1    royalty rates, and guaranteed minimum payment terms" in a license agreement, as these are trade

2    secrets used in the party's business,  conferring an opportunity to obtain advantage over

3    competitors who do not know or use them.  *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir.

4    2008); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (applying

5    this standard and sealing "detailed product-specific financial information" and "profit, cost, and

6    margin data" that "could give the suppliers an advantage in contract negotiations, which they

7    could use to extract price increases for components").  However, "[s]imply mentioning a general

8    category of privilege, without any further elaboration or any specific linkage with the documents,

9    does not satisfy the burden." *Kamakana*, 447 F.3d at 1184.  In particular, "[a]n unsupported

10   assertion of 'unfair advantage' to competitors without explaining 'how a competitor would use

11   th[e] information to obtain an unfair advantage' is insufficient." *Ochoa v. McDonald's Corp.*, No.

12   14-CV-02098-JD, 2015 WL 3545921, at *1 (N.D. Cal. Jun. 5, 2015) (quoting *Hodges v. Apple,

13   Inc.*, No. 13–cv–01128–WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013)).

14         Under Civil Local Rule 79-5, a sealing request must also "be narrowly tailored to seek

15   sealing only of sealable material," and "establish[ ] that the document, or portions thereof, are

16   privileged, protectable as a trade secret or otherwise entitled to protection under the law."  Civil

17   L.R. 79-5(b).  When ordering sealing, the district court must "articulate the rationale underlying its

18   decision to seal." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).

19   **II.    DETERMINATIONS**

20         Many of the requests here fail to comply with Civil Local Rule 79-5 because they were not

21   filed with an unredacted version showing "by highlighting or other clear method, the portions of

22   the document that have been omitted from the redacted version." Civil L.R. 79-5(d)(1)(D).  While

23   the sealing requests could have been denied on that ground, the Court undertook the burden of

24   comparing the unredacted and redacted copies mainly to move this case to resolution without

25   further delay.  But the parties are advised that any future motions to seal will be summarily denied

26   if Local Rule 79-5, or the Court's prior orders on sealing requests, are not followed to the letter.

27

28

*United States District Court*
*Northern District of California*

This table summarizes the administrative motions to seal that the Court rules on in this order:

| Motion (Dkt. No.) | Documents Sought to be Sealed (by Dkt. No.) | Party Declaration in Support (by Dkt. No.) |
|---|---|---|
| 113 | 113-14 to 113-22 - Exhibits B, F, G, I, J to Merrill Declaration<br>113-12 - Portions of Johnstech's Summary Judgment Motion referencing these Exhibits | 113-1, 113-13<br>114 |
| 116 | 116-13 to 116-22 - Exhibits 2, 4-8, 8A, 9, 14, 15 to Merrill Declaration<br>116-12 - Portions of Johnstech's Opposition to JFM's Summary Judgment Motion referencing these Exhibits | 116-1<br>130 |
| 117 | 117-2, -6, -8, -10 - Exhibits B, G, I, J to Hayes Declaration | 117-1 |
| 131 | 131-5 - Exhibit E to Second Merrill Declaration<br>131-4 - Reply Memorandum referring to Exhibit E | 131-1 |
| 144 | 144-4 and -6 - Exhibits B and C to Hansen Declaration in Support of JFM's Response re Discovery Sanctions | 144-1 |

**A. Administrative Motion to Seal Documents Filed in Support of Johnstech's Motion for Summary Judgment (Dkt. No. 113)**

Johnstech states that it filed these documents under seal because they were designated "Confidential" or "Highly Confidential - Attorney's Eyes Only" by JFM under the protective order in this matter. Dkt. No. 113. JFM filed a declaration with facts supporting the sealing request. Dkt. No. 114.

| Document | JFM's Basis for Sealing (Dkt. No. 114) | **Ruling** |
|---|---|---|
| 113-14 (Exhibit B) | Identifies shared customers and contains confidential information on specific amounts of JFM's business attributable to those customers over specific periods of time. | **Granted**. The exhibit details product-specific customer data that could be used to the company's competitive disadvantage. *See Apple*, 727 F.3d at 1228. |
| 113-15 (Exhibit F) | Identifies customers targeted by Johnstech and provides financial information that could be used by others to disadvantage JFM. | **Granted**. The customer information qualifies as trade secrets and the redactions are narrowly tailored to seal just this information. *See In re Elec. Arts*, 298 F. App'x at 569. |

| 113-16 (Exhibit G) | Confidentiality assertion withdrawn | **Denied**. |
|---|---|---|
| 113-17 to 113-21 (Exhibit I) | Expert report with nonpublic financial information about JFM's sales and profits related to specific customers. JFM seeks to seal certain redacted portions of the report as shown in Dkt. No. 114-2, and Schedule and Appendix 1 to the report in their entirety. JFM does not seek to seal the report's attachments. Dkt. No. 114 ¶¶ 6-10. | **Granted in part**. Sealed to the extent it contains detailed sales information for customers that could be used to the company's competitive disadvantage. *See Apple*, 727 F.3d at 1228. The request to seal redacted portions in Dkt. No. 114-2, and Schedule and Appendix 1, is granted. The request is denied otherwise. JFM also states that is withdrawing this Exhibit and will not rely upon it further in this case. |
| 113-22 (Exhibit J) | Confidentiality assertion withdrawn | **Denied**. |
| 113-12 (Motion referencing these Exhibits) | No further response. | **Granted in part.** Granted to the extent that the Court has permitted sealing of the Exhibits, and denied otherwise. |

### B. Johnstech's Administrative Motion to Seal Documents Filed in Opposition of JFM's Motion for Summary Judgment (Dkt. No. 116)

Johnstech filed a motion to seal Exhibits 2, 4, 5, 6, 7, 8, 8A, 9, 14, and 15 to its Opposition to JFM's summary judgment motion, and portions of its Opposition referencing them, because the Exhibit materials were designated "Confidential" or "Highly Confidential - Attorney's Eyes Only" by JFM or third party IDI under the protective order in this matter. Dkt. No. 116 at 3. JFM filed a declaration addressing the sealing of all exhibits except Exhibit 2. Dkt. No. 130.

| Document | JFM's Response (Dkt. No. 130) | Ruling |
|---|---|---|
| 116-13 (Exhibit 2) | No response. | **Denied**. The parties have not provided adequate justification for sealing this document. IDI has not filed any declaration in support of sealing as required by the Local Rule. |
| 116-14 (Exhibit 4) | Confidentiality assertion withdrawn | **Denied**. |
| 116-15 (Exhibit 5) | Confidentiality assertion withdrawn | **Denied**. |
| 116-16 (Exhibit 6) | Confidentiality assertion withdrawn | **Denied**. |
| 116-17 (Exhibit 7) | Confidentiality assertion withdrawn | **Denied**. |
| 116-18 (Exhibit 8) | Confidentiality assertion withdrawn | **Denied**. |

United States District Court
Northern District of California

| 116-19 (Exhibit 8A) | JFM requests that this document be sealed in part because it contains identification of JFM's customers and their employees. JFM contends this is "highly sensitive business information that is not publicly available and could be used by others to obtain unfair advantage in competition and/or negotiations with JFM."  Dkt. No. 130 ¶ 7. | **Granted**.  The proposed redactions in Dkt. No. 30-1 are narrowly tailored to prevent specific identification of customers and employees, while opening to the public specific details on Johnstech's communications with them. |
|---|---|---|
| 116-20 (Exhibit 9) | JFM requests that this document be sealed in its entirety because it contains identification of JFM customers and confidential correspondence with a customer targeted by Johnstech as "highly sensitive business information that is not publicly available and could be used by others to obtain unfair advantage in competition and/or negotiations with JFM." | **Granted**.  The document contains notes from specific customer visits and competitive intelligence gathered from them that qualifies as trade secrets used in the party's business, establishing compelling reasons to seal the document.  *In re Elec. Arts*, 298 F. App'x at 569. |
| 116-21 (Exhibit 14) | JFM requests that this document be sealed in its entirety because it contains identification of JFM's customers targeted by Johnstech and related information reflecting the damage to JFM's business caused by Johnstech's False Letter. | **Granted with respect to the identities and contact information of individuals and otherwise denied**. |
| 116-22 (Exhibit 15) | JFM requests that this document be sealed in its entirety because contains identification of JFM's customers targeted by Johnstech and related JFM financial information reflecting the damage to JFM's business caused by Johnstech's False Letter. | **Granted**.  The exhibit details customer-specific sales data that qualifies as trade secrets information used in the party's business, establishing compelling reasons to seal the document.  *In re Elec. Arts*, 298 F. App'x at 569. |

5

| | | |
|---|---|---|
| 116-12 (Motion referencing abovementioned materials) | JFM seeks sealing of the Summary Judgment Opposition brief to the extent it contains and refers to highly confidential JFM business information, including page 20, lines 8, 13-14, 16 and 18, as these sections contain identification of JFM's customers targeted by Johnstech's False Letter. | **Granted in part**. Granted to the extent it seeks sealing of references to Exhibits that the Court has ordered sealed. Neither party has provided justification for sealing the Opposition brief more broadly.<br><br>Johnstech's request to seal the portions of the Opposition brief redacted in Dkt. No. 116-3 is granted to the extent the redactions pertain to information that the Court has ordered sealed, and denied otherwise.<br><br>JFM's request to redact specific customer names and the percentage of business to those customers in page 20, lines 8, 13-14, 16 and 18 of the brief is granted. |

**C. Administrative Motion to File Under Seal Exhibits to Hayes Declaration In Support of Defendant's Opposition to Johnstech's Motion for Summary Judgment (Dkt. No. 117)**

JFM indicates that these portions of documents were filed under seal because they "contain and refer" to information designated highly confidential by plaintiff Johnstech or defendant JFM. Dkt. No. 117.

| Document | JFM's Argument (Dkt. No. 117-1) | Ruling |
|---|---|---|
| 117-4 (Exhibit B) | Exhibit B identifies JFM's customers targeted by Johnstech's False Letter. | **Granted.** The particular customer information qualifies as trade secrets that JFM has compelling reasons to seal, and the redactions are narrowly tailored to seal just this information. *See In re Elec. Arts*, 298 F. App'x at 569. |

| 117-6 (Exhibit G) | Exhibit G identifies JFM's customers targeted by Johnstech's False Letter. | **Granted.** The particular customer information qualifies as trade secrets that JFM has compelling reasons to seal, and the redactions are narrowly tailored to seal just this information. *See In re Elec. Arts*, 298 F. App'x at 569. |
| 117-8 (Exhibit I) | Exhibit I identifies JFM's customers targeted by Johnstech's False Letter. | **Granted**. The particular customer information qualifies as trade secrets that JFM has compelling reasons to seal, and the redactions are narrowly tailored to seal just this information. *See In re Elec. Arts*, 298 F. App'x at 569. |
| 117-10 (Exhibit J) | Exhibit J refers to proprietary JFM product design information, including product component features unique to the Zigma product line. | **Granted**. *See In re Elec. Arts*, 298 F. App'x at 569. |

**D. Administrative Motion to Seal Documents Filed in Support of Plaintiff's Reply on Summary Judgment (Dkt. No. 131)**

Johnstech states that the documents filed at Dkt. Nos. 131-4 and 131-5 were filed under seal because they contain material designated "Highly Confidential - Attorney's Eyes Only" by JFM under the protective order in this matter.   Dkt. No. 131.   JFM has withdrawn its confidentiality assertions for these materials.   Dkt. No. 137.   Accordingly, the motion to seal is denied.   The Clerk is directed to remove the confidentiality lock on the two documents and make them available to the public.

**E. Administrative Motion to File Under Seal Exhibits to Hansen Declaration In Support of Defendant's Response to Johnstech's Motion for Discovery Sanctions (Dkt. No. 144)**

JFM seeks to redact portions of depositions of two JFM employees that contain information designated highly confidential by JFM.   Dkt. No. 144.   JFM seeks sealing of the identity of certain customers and their employees who were "targeted by Johnstech's False Letter and confidential information regarding changes in those customers' purchases from JFM."   Dkt. No. 144-1.

| Document | JFM's Argument (Dkt. No. 144-1) | Ruling |
|---|---|---|
| 144-4 (Exhibit B) | Exhibit B refers to JFM's customers re Johnstech's False Letter and customer purchases from JFM. | **Granted**.  The particular customer information qualifies as trade secrets that JFM has compelling reasons to seal, and the redactions are narrowly tailored to seal just this information *See In re Elec. Arts*, 298 F. App'x at 569. |
| 144-6 (Exhibit C) | Exhibit C refers to JFM's customers re Johnstech's False Letter and customer purchases from JFM. | **Granted.** The particular customer information qualifies as trade secrets that JFM has compelling reasons to seal, and the redactions are narrowly tailored to seal just this information *See In re Elec. Arts*, 298 F. App'x at 569 |

**CONCLUSION**

Within fourteen days of this order, the parties should file unredacted documents or documents with revised redactions, as necessary to comply with this order, in the public record of this case.  If the parties do not file new copies of the affected documents by this deadline, the Court will unseal the versions previously filed in this matter.

**IT IS SO ORDERED.**

Dated:  August 2, 2016

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28