UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHNSTECH INTERNATIONAL CORP.,

Plaintiff,

v.

JF MICROTECHNOLOGY SDN BHD,

Defendant.

Case No. 14-cv-02864-JD

**FINAL PRETRIAL ORDER**

As discussed at the pretrial conference on September 8, 2016, a jury trial of this matter is set for September 19, 2016, at 9:00 a.m. and will be conducted under these procedures and rulings:

**I. GENERAL PROCEDURES**

1. The trial will be held the week of **September 19, 2016**, Monday through Thursday. Friday will be a dark day, but the Court has re-arranged its schedule so that the jury may deliberate on Friday, September 23, 2016, if necessary.

2. Trial will be held from 9:00 a.m. to 2:00 p.m. each trial day, with two 15-minute breaks. Counsel should be in the courtroom no later than 8:30 a.m. on each trial day in case the Court needs to hear evidence issues or other matters outside the presence of the jury.

3. Each side will have 7.5 hours for all witness examinations, including cross-examinations. Each side will have an additional 30 minutes for opening statements, and 45 minutes for closing arguments.

4. Written motions may not be filed during trial without the Court's prior approval. If a party believes a written motion is necessary, it must first discuss it with the Court.

5. The Court defers the parties' dispute about indefiniteness until after the jury verdict. It may consider the issue then, if warranted.

## II. MOTIONS IN LIMINE

1. **Johnstech's MIL No. 1**: **GRANTED**.  FRE 402/403.

2. **JFM's MIL No. 1**: **DENIED**.  Johnstech's initial disclosures are distinguishable from those in *Vinotemp Int'l Corp. v. Wine Master Cellars*, No. CV 11-1543, 2013 WL 5366406 (C.D. Cal. Feb. 5, 2013).  Although Johnstech should have supplemented those disclosures, any FRCP 26(a) violation was ultimately harmless for the reasons stated on the record.

3. **JFM's MIL No. 2**: **GRANTED**.  Johnstech has disclaimed reasonable royalties.

4. **JFM's MIL No. 3**: **GRANTED IN PART AND DENIED IN PART**.  Evidence of copying may not be offered to prove infringement, but it may be offered for other purposes, including non-obviousness and willfulness.  *Allen Eng'g Corp. v. Bartell Indus.*, 299 F.3d 1336, 1351 (Fed. Cir. 2002); *Iron Grip Barbell Co., Inc. v. USA Sports, Inc.*, 392 F.3d 1318, 1324 (Fed. Cir. 2004); *Stryker Corp. v. Intermedics Orthopedics, Inc.*, 96 F.3d 1409, 1414 (Fed. Cir. 1996).

5. **JFM's MIL No. 4: GRANTED IN PART AND DENIED IN PART**.  Johnstech is generally precluded from pursuing equivalence theories not disclosed in its infringement contentions.  The equivalence theory in Dr. Brown's report is not precluded.  The Court has already found that Johnstech sufficiently disclosed its doctrine of equivalents theory.  Dkt. No. 177 (SJ order) at 7-9.  Johnstech may also offer evidence of known interchangeability, which is relevant evidence and not a new "theory" that needed separate disclosure.  *IMS Tech., Inc. v. Haas Automation, Inc.*, 206 F.3d 1422, 1435 (Fed. Cir. 2000).

6. **JFM's MIL No. 5: PRELIMINARILY GRANTED**.  Johnstech states that the 5 paragraphs at issue in its expert report were included for rebuttal purposes only, and the Court limits their use at trial to that purpose.  To the extent Johnstech argues that the opinions in those 5 paragraphs overlap with other opinions that were properly disclosed and should therefore be admitted for other, non-rebuttal purposes, the Court defers ruling pending the evidence at trial.

7. **JFM's MIL No. 7:  DENIED**.  This evidence is relevant to non-obviousness, and JFM's motion in limine goes mainly to the weight of Johnstech's evidence rather than admissibility.  *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1538 (Fed. Cir. 1983); *Meyer Intellectual Properties Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1378 (Fed. Cir. 2012).

8. **JFM's MIL No. 8**: **DENIED**.  Johnstech disclosed that the ROL products practice or embody the patent in suit, and it need not have performed a claim-by-claim analysis.  The evidence is among the factors relevant to non-obviousness.  *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1538 (Fed. Cir. 1983).

## III. JURY INSTRUCTIONS / VOIR DIRE / VERDICT FORM

1. **Jury Instructions**. The Court will post by September 12, 2016 the proposed initial instructions it intends to give to the jury before opening statements.  Any objections are due by **September 14, 2016, at 12:00 pm**.

2. **Disputed Instructions**.  The parties agreed to all of the joint proposed jury instructions, except for these disputes.  The Court will use the instructions as agreed to by parties and resolves the disputes as follows.

    a. **Disputed Proposed Jury Instruction #18**: The additional language that JFM wants added from the claim construction order (for structural and functional construction) will not be included for the reasons that Johnstech's MIL #1 was granted.

    b. **Disputed Proposed Jury Instruction #21**: The additional language that JFM wants added from the claim construction order will not be included for the same reasons.  The language about the person of ordinary skill is redundant of other instructions and need not be repeated here.  The language about the disclosed structures is also redundant and potentially confusing in this context.  The Element "29" typo will be corrected.

3

    c. **Disputed Proposed Jury Instruction #22**: The "known interchangeability" language is appropriate in this case for the reasons that JFM's motion in limine #4 was denied in part.

    d. **Disputed Proposed Jury Instruction #24**: JFM's proposed language is denied. Under current case law, the jury need not find that JFM acted "in bad faith, wantonly, maliciously" and so on to find willful misconduct. *See Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S.Ct. 1923 (2016); *Innovation Toys, LLC v. MGA Entertainment, Inc.*, Case No. 2014-1731, 2016 WL 4151240 (Fed. Cir. Aug. 5, 2016). The Court will consider the egregiousness of the conduct for enhancement of damages following the jury verdict, if warranted.

    e. **Disputed Proposed Jury Instruction #25**: The word "alleged" is argumentative and unnecessary, and will not be used before the term "prior art."

    f. **Disputed Proposed Jury Instruction #28**: On further consideration, the Court will not give this instruction because it duplicates parts of the instructions for anticipation and obviousness.

3. **Voir Dire & Jury Selection**. The Court uses the "strike and replace" method for jury selection as explained at the conference. Eight jurors will be seated as the jury. The Court will conduct the voir dire based on its own questions and questions proposed by the parties. Each side will have three peremptory challenges in total and challenges for cause. A prospective juror not excused after a round of challenges will be deemed a member of the jury and may not be subsequently challenged. The Court will post the proposed voir dire questions by September 12, 2016. Any objections are due by **September 14, 2016, at 12:00 pm**.

4. **Verdict form**. The Court will post the proposed verdict form by September 15, 2016. Any objections are due by **September 20, 2016, at 12:00 pm**.

## IV. JURY MATERIALS

1. **FJC video**. The Court will show the jury the Federal Judicial Center's video, "The Patent Process: An Overview for Jurors," available at http://youtu.be/ax7QHQTbKQE. The Court will provide a DVD with a copy of the video. The parties will be responsible for playing the DVD for the jury on September 19, 2016, and providing the jurors with 8 paper copies of the sample patent that accompanies the video, which is available at http://www.fjc.gov/public/pdf.nsf/lookup/PatentSystemSample2.pdf/$file/PatentSystemSample2.pdf.

2. **Statement of the case**. The parties must submit by **September 14, 2016, at 12:00 pm** a joint proposed statement of the case that the Court will read to the venire panel on September 19, 2016. The statement should not exceed 1-2 short paragraphs.

3. **Jury questions**. The Court will allow the jurors to ask questions during the trial. Questions will be in writing and submitted to the Court. Before the witness is excused, the Court will share the proposed question with the parties in a sidebar and, if warranted, will pose the question to the witness.

4. **Jury notebooks**. Jurors will be permitted to take notes. The parties will prepare jury notebooks and lodge 12 copies -- eight for the jurors and four for the Court -- on **September 19, 2016.** The notebooks should be in the form of 1" 3-ring binders that have a plastic cover sleeve with a caption page (stating the case name and number), and must include these materials:

    a. A stipulated glossary of terms.
    b. A copy of the '866 patent.
    c. A chart, with one claim per page, containing the asserted claims with the construed terms highlighted in the left column, and the Court's constructions of the highlighted terms in the right column.
    d. A tab for witness photos. The jury will be provided with a photo (a headshot) of each witness just before that witness takes the stand. The party

5

calling the witness is responsible for providing the Courtroom Deputy with 12 three-hole punched, letter-sized copies of each photo. The Courtroom Deputy will distribute the photos. The witness must appear exactly the same in the photo as he or she will appear on the witness stand (*e.g.*, same clothing, hairstyle, eyewear).

  e. A tab for the Initial and Final Jury Instructions.

  f. 30 pages of blank lined paper for notes.

## V. WITNESSES

1. Each party must have its witnesses for the trial day available in the courthouse and ready to testify. Failure to have the next witness ready or to be prepared to proceed with the evidence will usually constitute resting.

2. **Witnesses in the courtroom**. During the pretrial conference, the parties jointly waived exclusion of witnesses from the courtroom under FRE 615. At the parties' joint request, witnesses may be present in the courtroom before taking the stand, but the parties are advised not to refer to prior testimony during witness examinations in a way that would confuse the jury or waste time, or as a device for merely repeating the prior testimony for emphasis.

3. **Witness Disclosure**. A party must disclose the identity of the witnesses it plans to call -- as well as the exhibits to be used during the direct examination of any witness -- by 4 p.m. two calendar days before calling the witness to the stand. Any party that has an objection must alert the Court as soon as possible, but no later than the end of the day before any witness is to be called, and the Court will take up the objection outside the presence of the jury.

**IT IS SO ORDERED.**

Dated: September 9, 2016

JAMES DONATO
United States District Judge

6