UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHNSTECH INTERNATIONAL CORP.,

Plaintiff,

v.

JF MICROTECHNOLOGY SDN BHD,

Defendant.

Case No.  14-cv-02864-JD

**VERDICT FORM**

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case:

## FINDINGS ON INFRINGEMENT CLAIMS

(The questions about infringement should be answered regardless of your findings with respect to the validity or invalidity of the patent.)

**A. Direct Infringement**

1.    For each patent claim below, has Johnstech proven that it is more likely than not that every requirement of any of the below claims of its '866 patent is included in JF Microtechnology's accused product, the Zigma™?  (Please check either yes or no.)

|  | | |
|---|---|---|
| Claim 1 | ✔ Yes | _____ No |
| Claim 2 | ✔ Yes | _____ No |
| Claim 3 | ✔ Yes | _____ No |
| Claim 4 | ✔ Yes | _____ No |

United States District Court
Northern District of California

**B. Inducing Infringement**

**Only answer** this question if your answer to any claim in Question 1 is "yes."

2.      For each claim and product, feature, or service below, has Johnstech proven that it is more likely than not: that (i) a direct infringer infringed the claim; (ii) that JF Microtechnology intentionally took action that actually induced that infringement by a direct infringer; (iii) that JF Microtechnology was aware of the patent; and (iv) that JF Microtechnology knew the acts it was causing would directly infringe the patent, or alternatively that it was willfully blind as to whether its actions would encourage infringement of the patent?

*Please answer Yes (for Johnstech) or No (for JF Microtechnology) for each claim.*

| | | |
|---|---|---|
| Claim 1 | ✓ Yes | _____ No |
| Claim 2 | ✓ Yes | _____ No |
| Claim 3 | ✓ Yes | _____ No |
| Claim 4 | ✓ Yes | _____ No |

## C. Willful Infringement

**Only answer** this question if your answer to any claim in Question 1 is "yes."

    3.    Has Johnstech proven that it is more likely than not that the infringement was willful?

 _____ Yes        _____ No

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# FINDINGS ON INVALIDITY DEFENSES

(The questions about invalidity should be answered regardless of your findings with respect to infringement.)

## A. Anticipation

    4.    Has JF Microtechnology proven that it is highly probable that claims 1-4 of the '866 patent were "anticipated," or, in other words, not new, because the claimed invention was already described in another issued U.S. patent or published U.S. patent application that was based on a patent application filed before the date of April 23, 2003?

| | | |
|---|---|---|
| Claim 1 | _____ Yes | ___✓___ No |
| Claim 2 | _____ Yes | ___✓___ No |
| Claim 3 | _____ Yes | ___✓___ No |
| Claim 4 | _____ Yes | ___✓___ No |

**B. Obviousness**

    5.    For each claim listed below, has JF Microtechnology proven that it is highly probable that the claim would have been obvious to a person of ordinary skill in the field as of April 23, 2003?

*Please answer Yes (for JF Microtechnology) or No (for Johnstech):*

| Claim 1 | _____ Yes | ✓ No |
| Claim 2 | _____ Yes | ✓ No |
| Claim 3 | _____ Yes | ✓ No |
| Claim 4 | _____ Yes | ✓ No |

**FINDINGS ON DAMAGES**

If you answered "Yes" for any claim in Question 1, and you answered "No" as to that same claim in Questions 4 and 5, please answer the following question. Otherwise, **do not answer** the following question and sign the verdict form below.

6.      What lost profits, if any, did Johnstech show it more likely than not suffered as a result of sales that it would with reasonable probability have made but for JF Microtechnology's infringement?

$636,807

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the courtroom deputy that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

DATED: 9/27/16 , 2016

By: _____
Presiding Juror
ELIZABETH PATRICIAN

United States District Court
Northern District of California

7