UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNSTECH INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> JF MICROTECHNOLOGY SDN BHD, <br><br> Defendant. | Case No. 14-cv-02864-JD <br><br> **ORDER ON MOTIONS TO SEAL RE MOTIONS IN LIMINE** <br><br> Re: Dkt. Nos. 180, 199 |

In this patent action, plaintiff Johnstech International Corp. ("Johnstech") and defendant JF Microtechnology SDN BHD ("JFM") filed administrative motions to seal exhibits attached to JFM's first motion in limine and Johnstech's opposition to the motion under Civil Local Rule 79-5(d).  JFM's motion in limine sought to exclude underlying sales data and corresponding lost profit damages calculation.  Dkt. No. 186.  The motion was denied, and portions of the exhibits and underlying evidence were admissible at trial to prove Johnstech's damages.  Dkt. No. 206.  The Court grants and denies the requests to seal the exhibits as detailed in this order.

I.    **STANDARDS**

In our circuit, a party seeking to seal trial evidence must establish "compelling reasons" to overcome a historically "strong presumption of access to judicial records."  *In re Elec. Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) (applying "compelling reasons" standard to trial exhibits); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  Compelling reasons exist when the information sought to be sealed releases trade secrets or may be used "as sources of business information that might harm a litigant's competitive standing."  *In re Elec. Arts*, 298 Fed. Appx. at 569-70 (quotation omitted); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (applying this standard and sealing

1  "detailed product-specific financial information" and "profit, cost, and margin data" that "could
2  give the suppliers an advantage in contract negotiations, which they could use to extract price
3  increases for components"). However, "[s]imply mentioning a general category of privilege,
4  without any further elaboration or any specific linkage with the documents, does not satisfy the
5  burden." *Kamakana*, 447 F.3d at 1184. In particular, "[a]n unsupported assertion of 'unfair
6  advantage' to competitors without explaining 'how a competitor would use th[e] information to
7  obtain an unfair advantage' is insufficient." *Ochoa v. McDonald's Corp.*, No. 14-CV-02098-JD,
8  2015 WL 3545921, at *1 (N.D. Cal. Jun. 5, 2015) (quoting *Hodges v. Apple, Inc.*, No. 13-cv-
9  01128-WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013)). While not all the sales data at
10 issue here was shown at trial, the Court finds the compelling standard met for the supported
11 requests and does not address the lesser standard that could potentially apply. *See In re Midland*
12 *Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *Apple*, 727
13 F.3d at 1222 ("we are not aware of any Ninth Circuit precedent applying the 'compelling reasons'
14 standard to non-dispositive motions regarding the admissibility of evidence at trial.").
15    Under Civil Local Rule 79-5, a sealing request must also "be narrowly tailored to seek
16 sealing only of sealable material," and "establish[ ] that the document, or portions thereof, are
17 privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil
18 L.R. 79-5(b). When ordering sealing, the district court must "articulate the rationale underlying its
19 decision to seal." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).

## II. DETERMINATIONS

This table summarizes the administrative motions to seal that the Court addresses:

| Motion (Dkt. No.) | Documents Sought to be Sealed (by Dkt. No.) | Party Declaration in Support (by Dkt. No.) |
|---|---|---|
| 180 | 186-11 and 186-15: Exhibits K and O of Shawn G. Hansen Declaration in Support of Defendant's Motion in Limine | 203 |
| 199 | 200-4 and 200-7: Exhibit 4 and 7 of the Hall Declaration in Opposition of Defendant's Motion in Limine | 204 |

### A. Administrative Motion to Seal Documents Filed in Declaration in Support of JFM's Motion in Limine (Dkt. No. 180)

JFM states that it filed these documents under seal because they were designated "Confidential" or "Highly Confidential - Attorney's Eyes Only" by Johnstech or third party IDI under the protective order in this matter. Dkt. No. 180. Johnstech filed a declaration with facts supporting the sealing request for Exhibit K. Dkt. No. 203. IDI did not file a declaration as required by Local Rule 79-5(e).

| Document | Johnstech's Response (Dkt. No. 203) | Ruling |
|---|---|---|
| 186-11 (Exhibit K) | Exhibit K is an expert report with nonpublic financial information about Johnstech's sales and profits related to specific customers. Johnstech seeks to seal certain redacted portions of the report as shown in Dkt. No. 203-1, and the attached Appendix documents in their entirety. | **Granted in part**. Sealed to the extent it contains detailed sales information for customers that could be used to the company's competitive disadvantage. *See Apple*, 727 F.3d at 1226-28. The request to seal redacted portions in Dkt. No. 203-1 is granted. The request is denied otherwise. |
| 186-15 (Exhibit O) | No response. | **Denied.** The parties have not provided adequate justification for sealing this document. IDI has not filed any declaration in support of sealing as required by the Local Rule**.** |

### B. Johnstech's Administrative Motion to Seal Documents Filed in Declaration in Opposition of JFM's Motion in Limine (Dkt. No. 199)

Johnstech filed a motion to seal Exhibits 4 and 7 to Daniel Hall's Declaration in Opposition to JFM's motions in limine because the Exhibit materials were designated "Confidential" or "Highly Confidential - Attorney's Eyes Only" by Johnstech and JFM under the protective order in this matter. Dkt. No. 199-1. JFM filed a declaration addressing Exhibit 4, which is the full version of the expert report found in Exhibit K above. Dkt. No. 204.

| Document | JFM's Response (Dkt. No. 204) | Ruling |
|---|---|---|
| 200-4 | Exhibit 4, as redacted, contains highly confidential business information, including information about the identities and sales made to specific customers. JFM seeks to seal certain redacted portions of the report as shown in Dkt. No. 199-4, and the Appendix documents in their entirety. | **Granted.** The exhibit details product-specific customer data that could be used to the company's competitive disadvantage and the redactions are narrowly tailored to seal this information. *See Apple*, 727 F.3d at 1228. The request to seal redacted portions in Dkt. No. 199-4 is granted. |
| Document | Johnstech's Argument (Dkt. No. 199) | Ruling |
| 200-7 | Exhibit 7 contains detailed information regarding sales of Johnstech's products spanning multiple years. Johnstech seeks to seal the entire one-page chart, as it could be used by others to obtain an unfair advantage in competition and/or negotiations with Johnstech. | **Granted.** The one page exhibit details product-specific sales data that could be used to the company's competitive disadvantage. *See Apple*, 727 F.3d at 1228. |

## CONCLUSION

Within fourteen days of this order, JFM should file Exhibit K with revised redactions, as necessary to comply with this order, in the public record of this case. If JFM does not file a copy by this deadline, the Court will unseal the version previously filed in this matter. For Exhibit O, JFM may file the document in the public record no earlier than 4 days, and no later than 10 days under Civil Local Rule 79-5(e)(2).

**IT IS SO ORDERED.**

Dated: January 31, 2017

JAMES DONATO
United States District Judge